UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO BUTLER,

       Petitioner,

v.                           CASE NO. 5:06cv10043
                            HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING

     Petitioner Orlando Butler has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's 1997 state conviction for second-degree murder. Petitioner alleges that (1) the trial court should have found him guilty of manslaughter, (2) the sentence was unconstitutional, disproportionate, and based on inaccurate information, and (3) his trial and appellate attorneys were ineffective.

     Petitioner has moved for appointment of counsel and for an evidentiary hearing. He alleges that he is unable to retain counsel, he lacks legal training, and he cannot investigate crucial facts while incarcerated. He also alleges that several issues require an evidentiary hearing.

     "[T]here is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)), *cert. denied*, __ U.S. __, 126 S. Ct. 1621 (2006), and an evidentiary hearing generally is necessary only when "the petition 'alleges sufficient grounds for release, relevant facts are in

dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)). Neither an evidentiary hearing nor appointment of counsel are necessary at this time because Respondent has alleged in a motion for summary judgment that Petitioner's claims are barred by the one-year statute of limitations. In light of the facts and argument set forth in Respondent's motion, Petitioner's motion for appointment of counsel [Doc. #3, Jan. 5, 2006] and his motion for an evidentiary hearing [Doc. #4, Jan. 5, 2006] are DENIED.

                s/JOHN CORBETT O'MEARA
                UNITED STATES DISTRICT JUDGE

Dated: August 11, 2006

Certificate of Service

I hereby certify that a copy of this order was served upon attorneys and/or parties of record electronically and/or by U. S. Mail on August 12, 2006.

                s/William Barkholz
                Case Manager