UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO BUTLER,

        Petitioner,

v.                                        CASE NO. 5:06cv10043
                                         HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING APPLICATION
## FOR THE WRIT OF HABEAS CORPUS

Petitioner Orlando Butler has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for second-degree murder and felony firearm. Also pending before the Court is Respondent's motion for summary judgment and to dismiss the habeas petition. The Court agrees with Respondent that Petitioner has failed to comply with the statute of limitations. Accordingly, the habeas petition will be dismissed.

### I.  Background

Petitioner was charged in Wayne County, Michigan with first-degree murder and felony firearm. The charges arose from the fatal shooting of Matthew Lyles on October 28, 1987. Following a bench trial in 1988, Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by twenty-five to fifty years for the murder. The Michigan Court of Appeals affirmed Petitioner's convictions and

sentence, but remanded the case to the trial court for the limited purpose of correcting the sentencing information report to reflect the reasons that the trial court departed from the sentencing guidelines. *See People v. Butler*, No. 109805 (Mich. Ct. App. Apr. 10, 1990). On January 28, 1991, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Butler*, No. 89236 (Mich. Sup. Ct. Jan. 28, 1991).

Petitioner subsequently moved for re-sentencing. The trial court denied his motion on March 5, 1991, and the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Butler*, No. 140093 (Mich. Ct. App. Sept. 5, 1991). The Michigan Supreme Court also denied leave to appeal. *See People v. Butler*, No. 92531 (Mich. Sup. Ct. Apr. 21, 1992).

On July 29, 1994, Petitioner filed a motion for relief from judgment, which the trial court denied on August 25, 1994. Petitioner styled an appeal from that decision as a motion for relief from judgment. The Michigan Court of Appeals returned Petitioner's motion because it appeared to the court of appeals that the motion was intended for the trial court. *See People v. Butler*, No. 178662 (Mich. Ct. App. Sept. 16, 1994).

On or about June 1, 1995, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Butler*, No. 186304 (Mich. Ct. App. Dec. 8, 1995). On August 30, 1996, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Butler*, No. 105443 (Mich. Sup. Ct. Aug. 30, 1996).

Petitioner alleges that he filed another motion for relief from judgment on February 4, 2002. The trial court denied his motion on December 4, 2002, and the Michigan Court of

Appeals once again denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Butler*, No. 252414 (Mich. Ct. App. July 9, 2004). On December 29, 2004, the Michigan Supreme Court also denied leave to appeal pursuant to Rule 6.508(D). *See People v. Butler*, No. 126743 (Mich. Sup. Ct. Dec. 29, 2004).

Finally, on November 28, 2005, Petitioner signed and dated his habeas corpus petition.[1] The grounds for relief are: (1) the trial court erred when it found Petitioner guilty of second-degree murder instead of manslaughter; (2) Petitioner's sentence of twenty-five to fifty years was based on inaccurate information, was disproportionate to the crime, and was cruel and unusual punishment; and (3) trial and appellate counsel were ineffective for failing to raise these issues on direct appeal. Respondent asserts that these claims are untimely. Petitioner replies that the Court should toll the statute of limitations on the basis of actual innocence.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

---

[1] Although the Clerk of Court time-stamped the habeas petition on January 5, 2006, the Court nevertheless deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forwarding to the court clerk ); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed").

3

      **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

      Subsections 2244(d)(1)(B) through (D) are not applicable here. Consequently, subsection 2244(d)(1)(A) governs this case. Petitioner's conviction became final for purposes of subsection 2244(d)(1)(A) when his direct appeal came to an end in 1991. The AEDPA subsequently was enacted on April 24, 1996. For prisoners whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Cook*, 295 F.3d at 519; *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000).

      Petitioner's delayed application for leave to appeal was pending in the Michigan Supreme Court on April 24, 1996, when the AEDPA was enacted. The one-year limitations period was tolled until Petitioner's application "achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *see also* 28 U.S.C. § 2244(d)(2)(stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). The Michigan

4

Supreme Court concluded its review of Petitioner's delayed application on August 30, 1996. The limitations period was tolled an additional ninety days, or until November 28, 1996, for the time during which Petitioner could have sought a writ of certiorari in the United States Supreme Court. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 1070 (2004). The statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a), and it expired one year later on November 28, 1997. Because Petitioner did not submit his habeas corpus petition to the Court until November 28, 2005, the habeas petition is untimely.[2]

### B. Equitable Tolling

Petitioner urges the Court to equitably toll the limitations period. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has held that equitable tolling applies to the one-year limitation period for habeas petitions. *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).

When deciding whether equitable tolling is appropriate, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008. These factors are not necessarily

---

[2] Petitioner's motion for relief from judgment filed in 2002 did not affect the statute of limitations because the one-year limitations period expired before Petitioner filed the motion. *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002).

5

>comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d [at 521]. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he was ignorant of the filing requirement or that he lacked notice or constructive knowledge of the statute of limitations. Nor was he diligent in pursuing his claims. He did not raise any claims in either state or federal court for over five years after the statute of limitations began to run.

### 1. Actual Innocence

Petitioner nevertheless argues that the statute of limitations should be tolled on the basis that he is actually innocent of the murder and the penalty for murder. "The United States Supreme Court has held that a claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims,'" and the Sixth Circuit has authorized courts to toll the habeas statute of limitations for credible claims of actual innocence. *Souter v. Jones*, 395 F.3d 577, 588, 601-02 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)).

### 2. Innocence of the Crime

Petitioner alleges that he is actually innocent of second-degree murder. The actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial. *Souter*, 395 F.3d at 600. To demonstrate that a constitutional violation

6

probably resulted in the conviction of one who is actually innocent, "a petitioner must show that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated differently, a claim of actual innocence "requires the petitioner to prove that new reliable evidence establishes his innocence by a more-likely-than-not standard." *Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005).

Petitioner does not deny committing the acts giving rise to his convictions. He admits in his habeas petition and in his reply to Respondent's motion that he shot and killed Matthew Lyles. Petitioner has not submitted any new evidence demonstrating that he is actually innocent of the murder. He merely argues that, at most, he is guilty of only manslaughter, because he possessed the excitable and impulsive state of mind that reduces murder to manslaughter. This argument lacks merit, because it challenges the sufficiency of the evidence supporting Petitioner's murder conviction. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Court therefore declines to toll the limitations period on Petitioner's claim of actual innocence of the murder for which he was convicted.

### 3. Innocence of the Penalty

Petitioner also alleges that he is innocent of the aggravating factors used by the trial court to justify a departure from the sentencing guidelines. Petitioner claims that the trial court erroneously departed from the sentencing guidelines on the grounds that (1) the killing was perpetrated by a high-powered rifle, (2) Petitioner was lying in wait for his victim, and (3) the killing was senseless. Petitioner maintains that he used a pistol, not a rifle, to shoot the victim. He also claims that the trial court's own fact-finding belies the notion that he was lying in wait,

and the definition of murder requires a finding of a senseless killing. Thus, according to him, there was no factual or legal basis to exceed the sentencing guidelines.

To date, the Supreme Court has declined to decide whether, and to what, extent the actual innocence exception extends to noncapital sentencing errors. *See Dretke v. Haley*, 541 U.S. 386 (2004). When faced with the same issue, the Sixth Circuit likewise found it unnecessary to decide whether *Souter*'s equitable tolling rule applies to innocence-of-the-penalty claims. *See Ross*, 417 F.3d at 556-57. The Fourth Circuit, however, has stated in an unpublished opinion that the actual innocence exception is not available for mere misapplication of sentencing guidelines. *See United States v. Melvin*, 2 Fed. Appx. 306, 309 n.2 (4th Cir. 2001).

Even if an actual-innocence exception applies to noncapital errors and to a trial court's decision to exceed sentencing guidelines, the factors on which the trial court relied to exceed the guidelines did not constitute "extensively and materially false" information. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The victim was shot in the chest at close range while he was sitting in a car with Petitioner's girlfriend. Thus, there was at least some basis for concluding that the killing was perpetrated by a powerful weapon and was senseless.

The sentence also was not so extreme or grossly disproportionate as to violate the constitutional prohibition against cruel and unusual punishment. *Cf. Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (concluding that a sentence of forty to sixty years for second-degree murder was not extreme or grossly disproportionate). The sentencing guidelines called for a minimum sentence of six to fourteen years. Petitioner's minimum sentence of twenty-five years exceeded the guidelines by a number of years, but his minimum and maximum sentences fell within the statutory penalty of life imprisonment or any term of years. *See* Mich. Comp. Laws §

750.317.  The Court also is mindful that trial courts typically have been given "broad discretion to decide the type and extent of punishment for convicted defendants."  *Williams v. New York*, 337 U.S. 241, 245 (1949).  For all these reasons, the Court concludes that Petitioner is not entitled to equitable tolling of the statute of limitations on the basis that he is actually innocent of the penalty for second-degree murder.

### III.  Conclusion

The habeas petition is untimely, and equitable tolling is not appropriate here.  Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition is GRANTED.  The application for writ of habeas corpus is DISMISSED as time-barred.

                                                                                s/John Corbett O'Meara
                                                                                UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 1, 2006, by electronic and/or ordinary mail.

                                                                                s/William Barkholz
                                                                                Case Manager